**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1594
_____

BENJAMIN SMITH,
                                        Appellant
v.

UNITED STATES OF AMERICA; CENTRIC STORE; SNACK LEGENDS; D. SCOTT
DODRILL; CAMERON LINDSAY; C.O. BOSSICK; GUBBIOTI; DR. ODELA
DALMASI; FRANK LARA; KEEFE SUPPLY CO.; MR. DALE; C.O. PALMER;
FRANK KARAM; R. ERICKSON; LT. CLOOKEY; MR. SYMONSEN; C.O. J.
WAGNER; MR. COLEMAN; MR. KIZZIAH; MR. FASHANNA; MR. HESS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 07-cv-01079)
District Judge: Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
Opinion filed: June 16, 2011

_____

OPINION
_____

PER CURIAM.

        Benjamin Smith, an inmate at the State Correctional Institute at Somerset,

appeals from the District Court's disposition of this pro se civil rights action.  The

District Court dismissed some of Smith's claims for failure to state a claim and awarded

summary judgment to the defendants on the remaining claims. For the following reasons, we will vacate the District Court's decision regarding Smith's failure-to-protect claim, affirm the District Court's decisions regarding the remaining claims, and remand for further proceedings.

**I.**

Smith's complaint arises out of events that occurred when he was an inmate at the United States Penitentiary at Canaan. The first involved Smith's purchase of a pack of cookies from the prison commissary. He claims that one of the cookies contained broken bits of glass, some of which he unknowingly swallowed. After informing prison staff that he had swallowed glass, he was brought to the prison's medical department and given an oral and a rectal exam, as well as a fecal occult test. The results of the tests were negative. Several days later, Smith reported that he was experiencing rectal bleeding during bowel movements. Medical staff administered another fecal occult test, and again the result was negative.

The second event involved an altercation between Smith and another inmate. Smith claims that prison officers were aware that the inmate intended to assault him. Despite this warning, the inmate managed to lie in wait for Smith and attack him with a metal lock. After the fight, Smith was transferred to the prison's restrictive housing unit ("RHU"). The RHU did not have a functioning law library at that time. Smith claims that the absence of a law library prevented him from filing a timely petition for allocatur with the Pennsylvania Supreme Court. Smith filed a motion to file his

2

petition nunc pro tunc, but the motion was denied.

Inmates in Canaan's RHU are allowed one hour of daily outdoor exercise; they stay in their cells for the remainder of the day. Smith alleges that between September 5 and October 24, 2005, he was not provided with a jacket, coat, or rainwear during his exercise. He claims that on rainy days, the defendants left him outside for longer than the allotted one hour. He also alleges that between November 21, 2005, and January 8, 2006, he was not provided with cold-weather clothing, such as a scarf or gloves, and that he had to take his exercise in "paper thin canvas slip ons." As a result, Smith claims that he suffered from a sore throat, congestion, and numb feet.

In June 2007, Smith filed a complaint pursuant to 42 U.S.C. § 1983. He alleged that the defendants: (1) failed to provide adequate outdoor clothing, which resulted in unconstitutional conditions of confinement; (2) failed to protect him from the attack by the other inmate; (3) failed to provide adequate medical care after he had swallowed the glass; and (4) denied access to the courts because the RHU did not contain a working law library.[1] The District Court dismissed the conditions-of-confinement claim for failure to state a claim, and it awarded summary judgment to the defendants on

_____

[1] Smith also raised negligence and products-liability claims regarding the glass-laced cookie, and due-process and conspiracy claims regarding his placement in the RHU. The District Court dismissed the negligence, products-liability, and due-process claims, and it awarded summary judgment to the defendants on the conspiracy claim. Smith does not address these claims in his brief. Thus, he has waived any challenge to the District Court's disposition of them. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief") (internal quotation marks and citation omitted).

the remaining claims.  Smith timely appealed.

## II.

We have jurisdiction to hear this appeal.  28 U.S.C. § 1291.  Our review of a district court's dismissal for failure to state a claim is plenary.  Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 63-64 (3d Cir. 2008).  When reviewing a district court's grant of summary judgment, we exercise plenary review, viewing the facts in the light most favorable to the nonmoving party.  Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008).  Summary judgment is proper, and the moving party is entitled to judgment as a matter of law, where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, no genuine issue of material fact exists.  Fed. R. Civ. P. 56(c) (2009); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

## III.

A.      Conditions of Confinement

Smith argues that the defendants' failure to provide him with adequate cold-weather clothing to wear during outdoor exercise resulted in unconstitutional conditions of confinement.  An inmate making a conditions-of-confinement claim must satisfy the two-part test established in Farmer v. Brennan, 511 U.S. 825 (1994).  First, the inmate must show that he was subjected to a sufficiently serious deprivation that resulted in the denial of "the minimal civilized measure of life's necessities."  Id. at 834 (internal quotations and citation omitted).  Second, the inmate must show that the defendant was

4

"deliberately indifferent" to inmate safety. Id. The District Court found that Smith had not been subjected to a substantial risk and that the defendants had provided him with "the minimal civilized measure of life's necessities."

We agree with the District Court that Smith was not denied a constitutional right because he was not forced to take his daily exercise. If the weather was too cold for him to bear with the clothes provided by the prison, then he could simply choose to remain in his cell. In fact, the defendants submitted evidence to show that, some days, Smith did just that. As Smith had the option of avoiding inclement weather, we do not find that the defendants deprived Smith of the "minimal civilized measure of life's necessities," nor do we find that they were deliberately indifferent to Smith's safety. Id.

B.      Failure to Protect

The District Court found that Smith had failed to exhaust his administrative remedies regarding his failure-to-protect claim. The Prison Litigation Reform Act prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). "[U]nexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Moreover, the inmate's claim must be exhausted before he files his civil rights suit. Booth v. Churner, 532 U.S. 731, 738 (2001); see also Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000).

Here, Smith filed an appeal with the General Counsel, which represents the final step in the inmate-grievance process for federal prisoners, on May 2, 2007. His

appeal was rejected on July 6, 2007—twenty-one days *after* he had filed his June 15, 2007, complaint. However, the General Counsel had forty days, or until June 11, 2007, to respond to Smith's appeal. 28 C.F.R. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id. Smith filed his complaint four days after he could construe the General Counsel's failure to respond as a denial of the appeal. On this record, the defendants have not established Smith's failure to exhaust.[2] Thus, we will vacate the District Court's grant of summary judgment on this claim.

C. Inadequate Medical Care

Smith argues that he received constitutionally inadequate medical care after eating the glass-laced cookie. An inmate making an Eighth Amendment claim on the basis of the denial of medical treatment must show "(1) that the defendants were deliberately indifferent to [his or her] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Here, Smith does not dispute that on the day of the incident,

---

[2] The defendants have submitted a motion to file a supplemental appendix, which is properly characterized as a motion to expand the record, as it contains information that was not introduced in the District Court. In the motion, the defendants attempt to introduce evidence to show that the General Counsel had extended by twenty days the time to respond to Smith's appeal, as is allowed under 28 C.F.R. § 542.18. They argue that the record should be expanded because Smith raised the claim about the General Counsel's failure to timely respond for the first time in his opening brief. This assertion is contrary to the record. See Objections to Report & Recommendation (dkt #60) at 8. Thus, we will deny the defendants' motion to expand the record. On remand, of course, they are free to move the District Court to consider their evidence. We express no opinion whether the District Court should grant such a motion.

medical staff administered several tests, including oral and rectal exams and a fecal occult test, to assess his condition. Several days later, after complaining of bleeding during bowel movements, Smith was again examined by medical staff. All of the tests were negative. Furthermore, Smith admits that he no longer exhibits any symptoms of injury. Thus, we agree with the District Court that the undisputed evidence demonstrates that the defendants were not deliberately indifferent to Smith's serious medical needs.

D.      Access to the Courts

Smith claims that the defendants denied him access to the courts because the RHU's law library was not operational and, as a result, he missed his deadline to file a timely petition for allocatur with the Pennsylvania Supreme Court. An inmate making an access-to-the-courts claim is required to show that the denial of access caused actual injury. Lewis v. Casey, 518 U.S. 343, 352-53 (1996).

According to Smith, he was unaware of the date of his deadline for filing his petition for allocatur. The deadline turned out to be July 17, 2005, and his petition, which he mailed on August 1, was rejected as untimely. Smith does not dispute that, three weeks before the deadline, he spoke with one of the defendants about the status of the law library at the RHU and was instructed to request what he needed from the prison's main law library. Smith presented no evidence to establish that he had made a request. Even though he knew of the problems with the law library in the RHU well before the deadline for filing his petition, he took no action, such as requesting an extension with the Pennsylvania Supreme Court, for over a month. Thus, we agree with

7

the District Court that the undisputed evidence establishes that the defendants did not deny Smith access to the courts.

## IV.

Accordingly, we will vacate the District Court's decisions regarding Smith's failure-to-protect claim, affirm the District Court's disposition of Smith's remaining claims, and remand for further proceedings consistent with this opinion.